UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON HAYGOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. LINDQUIST, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02272-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) PROCEED ONLY WITH HIS FIRST AMENDMENT FREEDOM OF EXPRESSION CLAIMS<br><br>　(2) FILE AN AMENDED COMPLAINT; OR<br><br>　(3) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

　　　Plaintiff Deon Haygood is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendants Lindquist and Jordan violated his rights by refusing to make photocopies for him, thereby frustrating his ability to exhaust his administrative remedies for a state tort claim. ECF No. 1. at 3-4. Plaintiff also alleges that

defendants violated his First Amendment right to free expression by refusing to recognize the validity of the signature he had chosen to place on the documents he wished to have photocopied. *Id.* Finally, he claims that defendants' refusal to recognize the validity of his signature violated his rights under the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 9. For the reasons stated below, I find that plaintiff's freedom of expression claim is cognizable to proceed, but his other claims are not. Plaintiff may choose to proceed only with the claim I found cognizable or file an amended complaint. Plaintiff has also filed a motion to proceed *in forma pauperis*, ECF No. 2, which, together with his trust fund account statement, ECF No. 5, makes the required showing and will be granted.[1]

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

---

[1] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

2

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff alleges that, on February 25, 2019, he went to the law library at CSP-Sacramento to make legal copies. ECF No. 1 at 3. The documents plaintiff wanted to copy were presented to defendant Lindquist, the librarian. *Id.* Lindquist examined plaintiff's signature, which was a string of numbers, and questioned its validity. *Id.* at 3-4. Plaintiff told her that he had recently changed it because correctional staff had forged his old signature on several occasions. *Id.* at 3. Lindquist told plaintiff that she would make his copies but would not do so in the future because the numerical signature did not comply with prison regulations. *Id.* Plaintiff demanded to know what law or regulation governed his signature. *Id.* at 3. Lindquist told him she was going to call defendant Jordan, the office technician, to settle the question. *Id.* at 4. Jordan sided with Lindquist and said that a numerical signature was not valid. *Id.* Plaintiff continued to argue with Lindquist until she demanded that he leave the law library without his photocopies. *Id.* Plaintiff alleges that, by denying the validity of his signature and preventing him from photocopying his documents, defendants impeded his access to the courts because he was unable to exhaust administrative remedies and pursue a state tort claim. *Id.* at 5. He also claims that defendants' actions violated his First Amendment right to free expression and his rights under the Equal Protection Clause of the Fourteenth Amendment.

To succeed on a First Amendment access to courts claim, a plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996). And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Only two types

of claims are implicated: those that challenge inmates' convictions and section 1983 actions meant to vindicate their "basic constitutional rights." *Id.* at 354-55. Plaintiff's unidentified state tort claim does not fall into either category.

Plaintiff also alleges that defendants' actions violated his First Amendment right to "freedom of speech in expressing ideas." ECF No. 1 at 7. Speech is protected under the First Amendment unless it falls within a narrowly defined category of unprotected speech like defamation or obscenity. *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 382-84 (1992). A prison regulation may limit a prisoner's right to free expression if it is reasonably related to legitimate penological interests, however.[2] *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff alleges that no valid regulation prohibited the use of the signature he had chosen. This claim may proceed past screening.

Finally, plaintiff alleges that defendants' denial of photocopies violated his rights under the Fourteenth Amendment's Equal Protection Clause. ECF No. 1 at 9. This claim fails because he has not alleged that he belongs to a suspect class or that defendants discriminated against him because of his membership in such a class. *See Lowe v. Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985). To the extent plaintiff is trying to bring a "class of one" claim, he must allege that he has been treated differently from others who are similarly situated. *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, "similarly situated" must be understood to mean other inmates with unorthodox signatures. This is because a "class of one" claim is intended to protect claimants from differences in treatment for which there is no rational basis. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). If defendants are drawing a distinction between inmates with "normal" or typical signatures and those with unorthodox ones, that is a rational basis. That is not to say that this rational basis is necessarily lawful in the context of restricting free expression, but it does foreclose a "class of one" claim. This claim fails because plaintiff has not alleged that other inmates with similarly unorthodox signatures were allowed to make

---

[2] The Ninth Circuit has found, for instance, that no legitimate penological interest was served by a regulation that prohibited disrespectful language in prison grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1273 (9th Cir. 2009).

photocopies.

Plaintiff may choose to proceed only with his First Amendment free expression claims against the defendants. If he chooses to proceed with those claims, he must voluntarily dismiss all other claims. Alternatively, he may file an amended complaint that addresses the deficiencies in his other claims. As a final option, he may choose to stand on his complaint and not dismiss the claims that I have found non-cognizable. If he chooses this option, I will direct service for his First Amendment free expression claims and recommend that his other claims be dismissed.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must advise the court

whether he intends to pursue only his First Amendment freed expression claims against the defendants and voluntarily dismiss his other claims, file an amended complaint, or stand on his complaint subject to a recommendation that all claims other than his free expression claims be dismissed. If he chooses to file an amended complaint, he must submit it within thirty days of that advisement (or sixty days from the date of this order).

      2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

      3. Failure to comply with this order may result in the dismissal of this action.

      4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    January 21, 2021                                     

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE