UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON HAYGOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>T. LINDQUIST, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-02272-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF Nos. 20, 28, & 29 |

Plaintiff alleges that defendants violated his First Amendment right to free expression when they refused to accept his account withdrawal form because he had signed it using a series of numbers rather than with his legal name.[1] Defendants move to dismiss, arguing that plaintiff's allegations fail to state a First Amendment claim and, alternatively, that they are entitled to qualified immunity. After defendants' motion was fully briefed, plaintiff separately filed two amended complaints, which I construe as motions to amend the complaint. I recommend that defendants' motion be granted and that plaintiff's motions be denied.

---

[1] The court previously dismissed plaintiff's unrelated claims. ECF No. 8.

1

**Background**

The complaint alleges that on February 25, 2019, plaintiff went to the prison library to obtain copies of documents and an envelope. ECF No. 1 at 3-4. To pay for these items, he filled out and signed an account withdrawal form, using a signature comprised solely of numbers. *Id*. at 3. A clerk approved plaintiff's request for copies. *Id*. However, after the clerk made the requested copies, defendant Lindquist, a librarian, reviewed the withdrawal form and allegedly told plaintiff that his signature was invalid, asking why he had changed it. *Id.* Plaintiff explained that he had had problems with correctional staff forging his old signature and so he had switched to a numerical signature. *Id.* Lindquist allegedly informed plaintiff that she would accept the signature this time but not in the future. *Id.* Plaintiff asked her to provide the law or regulation that prohibited him from using a signature that did not reflect his name. *Id.* at 4. In response, Lindquist allegedly called the account office and spoke with defendant Jordan, the office technician, who agreed that numbers did not constitute a valid signature. *Id.* In response to further questioning by plaintiff, Jordan stated that the Departmental Operations Manual prohibited plaintiff from using a numerical signature. Plaintiff told Lindquist that he was going to check that authority and, if it did not preclude him from using his new signature, he would file a grievance and a lawsuit. *Id.* Lindquist ordered plaintiff to leave the library without giving him an envelope. *Id.*

**Motion to Dismiss**

**A.    Legal Standard**

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim, and granting the motion is proper if there is no cognizable legal theory of liability or if insufficient facts are alleged to support a cognizable theory. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). A court's review is generally limited to the operative pleading. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). A pleading is sufficient under Rule 8(a)(2) if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

1  *Gibson*, 355 U.S. 41, 47 (1957)).  Additionally, a court must construe a pro se litigant's complaint
2  liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and may only dismiss
3  such a complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support
4  of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208
5  (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

6      **B.**    **Discussion**

7      Defendants argue that plaintiff's allegations do not state a First Amendment claim and that
8  qualified immunity shields them from suit.[2]  Because I find that defendants are entitled to
9  qualified immunity, I do not address the merits of plaintiff's claim.

10      Qualified immunity shields government officials from money damages unless their
11  conduct violated "clearly established statutory or constitutional rights."  *Kisela v. Hughes*, 138 S.
12  Ct. 1148, 1152 (2018); *accord Felarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018).  To
13  assess whether qualified immunity attaches, a court asks "two questions: (1) whether the facts,
14  taken in the light most favorable to the non-moving party, show that the officials' conduct
15  violated a constitutional right, and (2) whether the law at the time of the challenged conduct
16  clearly established that the conduct was unlawful."  *Felarca*, 891 F.3d at 815.  A plaintiff must
17  prove both steps of the inquiry to establish that the defendants are not entitled to immunity.  *See*
18  *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).  Courts may "exercise their
19  sound discretion in deciding which of the two prongs of the qualified immunity analysis should
20  be addressed first in light of the circumstances in the particular case at hand."  *Pearson v.*
21  *Callahan*, 555 U.S. 223, 236 (2009).

---

23      [2] Relying on *Turner v. Safley*, 482 U.S. 78, 89 (1987), defendants argue that plaintiff's
complaint should be dismissed because their actions reasonably relate to a legitimate penological
24  interest.  ECF No. 20.  The Ninth Circuit has held that a *Turner* analysis on a motion to dismiss is
premature.  *See Dunn v. Castro*, 621 F.3d 1196, 1205 n.7 (9th Cir. 2010) (noting the application
25  of *Turner* facts at the Rule 12(b)(6) stage is premature because there is an absence of adequate
factual findings).  There are rare exceptions when a dismissal on the pleadings is possible: if there
26  is a "common-sense connection" between a legitimate penological objective and the challenged
27  regulation or action, *see Whitmire v. Arizona*, 298 F.3d 1134, 1136 (9th Cir. 2002), and the court
evaluates the remaining *Turner* factors, *see Rogers v. Giurbino*, 625 F. App'x 779, 783 (9th Cir.
28  2015).  However, the record here does not permit such an evaluation.

"To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent," as shown in "controlling authority or a robust consensus of cases of persuasive authority." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018). "It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* at 590. The legal standard at issue must also have a high "degree of specificity." *Mullenix v. Luna*, 577 U.S. 7, 13 (2015). Courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 138 S. Ct. at 590. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (internal quotation marks omitted). A legal principle is too broad if the unlawfulness of an official's conduct "does not follow immediately from the conclusion that [the rule] was firmly established." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640-41 (1987)).

The plaintiff bears the initial burden of proving that the rights allegedly violated by the defendant were clearly established at the time of the alleged misconduct. *See Houghton v. South*, 965 F.2d 1532, 1534 (9th Cir. 1992). The defendant "then carries the burden of proving that his 'conduct was reasonable under the applicable standards even though it might have violated [the plaintiff's] constitutional rights.'" *Id.* (citing *Benigni v. City of Hemet*, 879 F.2d 473, 480 (9th Cir. 1988)).

I need not address whether plaintiff's allegations satisfy the first prong of the qualified immunity inquiry—i.e., whether plaintiff has sufficiently alleged a violation of his First Amendment rights—because plaintiff has failed to show that the rights defendants allegedly violated were clearly established. Plaintiff claims that defendants violated his right to free expression by refusing to accept a signature made up solely of numbers and having no apparent connection to name. Plaintiff has not cited, and I have not found, any authority establishing that prison officials violate the First Amendment by refusing to accept a numerical, or other signature,

that has no apparent relation to an inmate's name.³  Accordingly, defendants are entitled to qualified immunity.

**Amended Complaint**

Without either seeking leave to amend or obtaining defendants' consent, plaintiff filed a proposed first amended complaint on August 23, 2021, and a proposed second amended complaint on October 1, 2021.  ECF Nos. 28 & 29.  Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Because plaintiff filed his proposed amended complaints more than twenty-one days after defendants served their motion to dismiss, I construe these filing as requests for leave to amend. *Levy v. FCI Lender Servs., Inc.*, No. 3:18-CV-02725-GPC-WVG, 2019 WL 3459030, at *2 (S.D. Cal. July 31, 2019) ("District courts have liberally construed an amended complaint, that was filed without leave of court, as a motion for leave to amend the complaint.").

While leave to amend should ordinarily be freely given to pro se litigants, *see Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002), a court can deny a motion to leave to amend if the amendment would be futile or subject to dismissal, *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).  Here, plaintiff's first proposed amended complaint is nearly identical to the complaint.  I recommend denying it as futile because I am recommending granting defendants' motion to dismiss.  As for the second proposed amended complaint, I also recommend denying it.  It includes claims that plaintiff previously chose to dismiss, ECF No. 9, and unrelated claims, ECF No. 29.  Plaintiff cannot resurrect previously dismissed claims, *see Sunde v. Haley*, No. 3:12-CV-00416-RCJ, 2013 WL 5973815, at *6 (D. Nev. Nov. 7, 2013), and

---

³ There is authority establishing an inmate's right to use his religious name.  *See Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (noting that an inmate has the First Amendment right to use his religious name in conjunction with his committed name).  Plaintiff, however, does not allege a religious basis for his claimed numerical signature.

5

the new claims do not have a reasonable relationship to the complaint, *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, it is hereby ORDERED that the Clerk of Court assign a United States District Judge to this case.

Further, it is RECOMMENDED that:

1. defendants' motion to dismiss, ECF No. 20, be granted;

2. plaintiff's complaint be dismissed without leave to amend;

3. plaintiff's motions for leave to amend the complaint, ECF Nos. 28 & 29, be denied; and

4. the Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of these findings and recommendations, file written objections with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 1, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6